UNITED STATES DISTRICT COURT  **FILED**
DISTRICT OF CONNECTICUT

2003 DEC 30 A 11:

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| LORRAINE H. MULLIGAN, | |
| Plaintiff, | CIVIL ACTION NO.<br>3:03CV695(AVC) |
| vs. | |
| SUNBRIDGE HEALTHCARE<br>CORPORATION d/b/a<br>MEDIPLEX OF STAMFORD, | December 24, 2003 |
| Defendant. | |

## DEFENDANT'S REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed (Removed from Superior Court):     April 16, 2003

Date Complaint Served:                                  March 19, 2003

Date of Defendant's Appearance:                         April 16, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ. R.38, a conference was held via exchange of correspondence on December 2, 2003. The participants were:

**Thomas W. Bucci, Esquire**, for the plaintiff, Lorraine H. Mulligan.

**Conrad S. Kee, Esquire**, for the defendant, Sunbridge Healthcare Corporation d/b/a Mediplex of Stamford.

**Margaret Armstrong Weiner, Esquire**, for the defendant, Sunbridge Healthcare Corporation d/b/a Mediplex of Stamford.

I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   Jurisdiction

   A.   Subject Matter Jurisdiction

      1.   Jurisdiction is invoked pursuant to Title 28 U.S.C. §1332(a)(l).

   B.   Personal Jurisdiction

   This action properly lies in the District of Connecticut pursuant to Title 28 U.S.C. § 1391 (a)(l), in that the defendant conducts business within the state of Connecticut and is amenable to service in the state of Connecticut.

III.   Brief Description of Case

   A.   Claims of Plaintiffs:

   This action seeks money damages for the wrongful termination of the plaintiff's employment. The plaintiff, the director of nurses at the facility operated by the defendant, asserts that she was terminated for reasons that violated the public policy of the state of Connecticut. In particular, the plaintiff charges that the defendant terminated her

2

employment as a result of the professional investigation she conducted with regard to an allegation of patient abuse.

B. Defenses and Claims of Defendant:

-Defendant denies each and every claim asserted by plaintiff;

-Defendant has moved to dismiss all three counts alleged in the plaintiff's complaint. Such motion is still pending; and

-Defendant reserves the right to assert defenses and counterclaims as the facts of this case are developed through the discovery process.

C. Defenses and Claims of Third Party Defendants:

At this time, there are no third party defendants.

IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are undisputed:

1. On September 3, 2002, the defendant hired the plaintiff as its director of nurses for the nursing home facility it operated at that time in Stamford, Connecticut, and known as Mediplex of Stamford.

2. The defendant terminated the plaintiff's employment on or about February 14, 2003.

V. Case Management Plan

A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below:

B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.  Early Settlement Conference

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  N/A

4.  The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R.16.

D.  Joinder of Parties and Amendment of Pleadings

1.  Plaintiff should be allowed to January 3, 2004 to file motions to join additional parties and to file motions to amend the pleadings.

2.  Defendant should be allowed until February 3, 2004 to join additional parties and within 30 days of the court's denial of the defendant's pending motion to dismiss to file a response to the plaintiff's complaint.

E.  Discovery

1.  The parties anticipate that discovery will be needed on the following subjects:

4

    a.    The nature of the plaintiffs complaint and the factual allegations contained therein;

    b.    The damages alleged by the plaintiff.

    c.    The nature of the defendants' affirmative defenses.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced by March 3, 2004 and completed, not propounded, by September 3, 2004. The parties will exchange initial disclosures required under Fed R. Civ.P.26(a) by March 3, 2004.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by September 4, 2004.

5. The parties anticipate the plaintiff will require a total of no more than three (3) depositions of fact witnesses and that the defendants will require approximately five depositions of fact witnesses. The depositions will commence March 3, 2004, and be completed by September 3, 2004.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff reserves the right to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by April 30, 2004. Depositions of such experts will be completed by May 31, 2004.

8. Defendant reserves the right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports

from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by August 1, 2004. Depositions of such experts will be completed by September 3, 2004.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by April 1, 2004.

F. Dispositive Motions

The parties request that dispositive motions be filed within 2 months after the close of the discovery or by November 3, 2004.

G. Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days of the court's decision on any dispositive motion that may have been filed by either of the parties or in the event a dispositive motion is not filed, then a joint trial memorandum will be filed within 60 days of the close of discovery.

VI. Trial Readiness

The case will be ready for trial within 60 days of the court's ruling on any dispositive motion that may have been filed by either of the parties or in the event a dispositive motion is not filed, then the case will be ready for trial on December 1, 2004.

THE PLAINTIFF - LORRAINE H. MULLIGAN

BY /s/ Thomas W. Bucci
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805
Email: thomasbucci@earthlink.net

6

THE DEFENDANT — SUNBRIDGE HEALTHCARE CORP.

BY *[signature]*
Conrad S. Kee, Esquire
CT 16904
Margaret Armstrong Weiner
CT 18084
Jackson Lewis LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251
Tel: (203) 961-0404
Email: keec@Jacksonlewis.com
weinerm@Jacksonlewis.com