## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LORRAINE H. MULLIGAN,** | : | |
| | : | **3:03 CV 695 (AVC)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUNBRIDGE HEALTHCARE CORP.,** | : | **April 13, 2004** |
| **d/b/a MEDIPLEX OF STAMFORD** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## FIRST SUBSTITUTED COMPLAINT AND JURY DEMAND

Defendant Mediplex Management, Inc., d/b/a Mediplex of Stamford (hereinafter "Defendant"), incorrectly named herein as Sunbridge Healthcare Corp., by and through its attorneys, Jackson Lewis LLP, for its answer to the First Substituted Complaint ("Complaint"), filed by Plaintiff Lorraine H. Mulligan (hereinafter "Plaintiff"), states as follows[1]:

## I.  PRELIMINARY STATEMENT

1.    Defendant denies the validity of each and every allegation contained in Paragraph 1 of the Complaint except, admits Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Connecticut Fair Employment Practices Act.

---

[1]    By way of clarification, Mediplex Management, Inc. d/b/a Mediplex of Stamford, was the manager/operator of the facility at issue and Plaintiff's employer at all relevant times alleged in the Complaint. Mediplex is an affiliate of Sunbridge Healthcare Corporation.

## II.    JURISDICTION

2.    Defendant denies each and every allegation contained in Paragraph 2 of the Complaint except, admits Plaintiff purports to bring claims under Title VII and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3.    Defendant denies each and every allegation contained in Paragraph 3 of the Complaint except, admits Plaintiff purports to bring claims pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Title 42 U.S.C. §2000e-5(f).

4.    Defendant denies each and every allegation contained in Paragraph 4 of the Complaint except, admits Plaintiff purports this Court has jurisdiction over the Plaintiff's claims pursuant to Title 28 U.S.C. §1332, diversity of citizenship; and that the Plaintiff is a resident of the State of Connecticut. Sunbridge Healthcare Corp. is a New Mexico Corporation and Defendant is a Massachusetts corporation and an affiliate of Sunbridge Healthcare Corp.

5a.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5a of the Complaint.

5b.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5b of the Complaint.

5c.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5c of the Complaint.

6.     Defendant denies each and every allegation contained in Paragraph 6 of the Complaint except, admits Plaintiff purports the claims made therein.

7.     Defendant denies each and every allegation contained in Paragraph 7 of the Complaint except, admits Plaintiff purports the claims made therein.

8.     Defendant denies each and every allegation contained in Paragraph 8 of the Complaint except, admits Plaintiff purports the claims made therein.

## III.    VENUE

9.     Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

## IV.    PARTIES

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint except, admits that Plaintiff represents that she is white/Caucasian.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint except, denies any legal conclusions associated with its response.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint except, denies any legal conclusions associated with its response.

14.    Defendant admits the allegations contained in Paragraph 14 of the Complaint except, denies any legal conclusions associated with its response.

15.    Defendant denies each and every allegation contained in Paragraph 15 of the Complaint except, admits that Sunbridge Healthcare Corporation is a New Mexico corporation with its principal place of business at 101 Sun Avenue NE, Albuquerque, NM, and that Defendant is a Massachusetts corporation and an affiliate of Sunbridge Healthcare Corporation.

## V.    STATEMENT OF FACTS

16.    Defendant denies each and every allegation contained in Paragraph 16 of the Complaint except, admits that Defendant was the manager/operator of the nursing home facility located at 710 Long Ridge Road, Stamford, CT, at all relevant times alleged in the Complaint.

17.    Defendant denies each and every allegation contained in Paragraph 17 of the Complaint except, admits that Defendant provided skilled nursing care for elderly residents of Mediplex of Stamford at all relevant times alleged in the Complaint.

18.    Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies each and every allegation contained in Paragraph 19 of the Complaint except, admits that from September 3, 2002, to February 14, 2003, Plaintiff was expected to perform her duties and responsibilities as the Director of Nursing for the facility.

20.    Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant denies each and every allegation contained in Paragraph 21 of the Complaint except, admits that among her other duties, Plaintiff was expected to implement already established policies and protocols concerning the investigation of allegations of patient abuse.

22.    Defendant denies each and every allegation contained in Paragraph 22 of the Complaint except, admits that the protocol adopted by the Defendant concerning the investigation of allegations of resident abuse permitted the immediate suspension of any staff member or volunteer against whom an allegation of resident has been lodged pending the completion of the investigation.

23.    Defendant denies each and every allegation contained in Paragraph 23 of the Complaint except, admits that Defendant received information on or around January 27, 2003 that a resident may have been physically touched by an employee.

24.    Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint except, admits that numerous individuals, including Plaintiff, interviewed the alleged victim.

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint except, admits Plaintiff purports the claim alleged therein.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint except, admits Plaintiff purports the claim alleged therein.

28.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint except, admits Plaintiff purports the claim alleged therein.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint except, admits Plaintiff purports the claim alleged therein.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint except, admits Plaintiff purports the claim alleged therein.

31.    Defendant denies each and every allegation contained in Paragraph 31 of the Complaint except, admits that Defendant became aware that Plaintiff directed the assembling of a number of African-American male employees meeting the description of the alleged abuser to determine if the resident alleging the abuse could identify the perpetrator of the abuse from those assembled.

32.    Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33.    Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint except, admits Defendant became aware that the resident was not able to identify the individual employee.

36.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38.    Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint except, admits that on January 31, 2003, union representatives of the bargaining unit complained to Defendant regarding the investigative technique used by Plaintiff.

40.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies each and every allegation contained in Paragraph 41 of the Complaint.

42.    Defendant admits it required Plaintiff to sign a letter of apology for the way in which she conducted the investigation and denies all other allegations contained in Paragraph 42 of the Complaint.

43.    Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44.    Defendant denies each and every allegation contained in Paragraph 44 of the Complaint except, admits that the Plaintiff refused to sign a letter of apology as reasonably requested.

45.    Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies each and every allegation contained in Paragraph 48 of the Complaint except, admits that after Plaintiff refused to comply with Defendant's requests for a apology and other measures, and Plaintiff refused to resign, it terminated Plaintiff's employment.

49.    Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50.    Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

**VI.    FIRST CAUSE OF ACTION (Unlawful Race and Color Discrimination)**

50-100.  Defendant repeats and re-alleges its answers to Paragraph 1-50 as if fully contained in Paragraphs 51-100 of this First Cause of Action.

101.    Defendant denies each and every allegation contained in Paragraph 101 of the Complaint.

102.    Defendant denies each and every allegation contained in Paragraph 102 of the Complaint.

103.    Defendant denies each and every allegation contained in Paragraph 103 of the Complaint.

104.    Defendant denies each and every allegation contained in Paragraph 104 of the Complaint.

105.    Defendant denies each and every allegation contained in Paragraph 105 of the Complaint.

## VII.    SECOND CAUSE OF ACTION (Unlawful Retaliation)

106-210. Defendant repeats and re-alleges its answers to Paragraph 1-105 as if fully contained in
    Paragraphs 106-210 of this Second Cause of Action.

211.    Defendant denies each and every allegation contained in Paragraph 211 of the Complaint.

212.    Defendant denies each and every allegation contained in Paragraph 212 of the Complaint.

213.    Defendant denies each and every allegation contained in Paragraph 213 of the Complaint.

214.    Defendant denies each and every allegation contained in Paragraph 214 of the Complaint.

215.    Defendant denies each and every allegation contained in Paragraph 215 of the Complaint.

## VIII.    THIRD CAUSE OF ACTION (Violation of Connecticut Fair Employment Practices Act)

216-430. Defendant repeats and re-alleges its answers to Paragraph 1-215 as if fully contained in
    Paragraphs 216-430 of this Third Cause of Action.

431.    Defendant denies each and every allegation contained in Paragraph 431 of the Complaint.

IX.    **FOURTH CAUSE OF ACTION (Unlawful Discharge in Violation of the Public Policy of the State of Connecticut)**

432-646. Defendant repeats and re-alleges its answers to Paragraph 1-215 as if fully contained in Paragraphs 432-646 of this Fourth Cause of Action.

647.    Defendant denies each and every allegation contained in Paragraph 647 of the Complaint to the extent it purports to assert conclusions of law to which no response is required.

648.    Defendant denies each and every allegation contained in Paragraph 648 of the Complaint to the extent it purports to assert conclusions of law to which no response is required.

649.    Defendant denies each and every allegation contained in Paragraph 649 of the Complaint to the extent it purports to assert conclusions of law to which no response is required.

650.    Defendant denies each and every allegation contained in Paragraph 650 of the Complaint.

651.    Defendant denies each and every allegation contained in Paragraph 651 of the Complaint to the extent it purports to assert conclusions of law to which no response is required.

652.    Defendant denies each and every allegation contained in Paragraph 652 of the Complaint.

653.    Defendant denies each and every allegation contained in Paragraph 653 of the Complaint.

654.    Paragraph 654 of the Complaint purports to assert conclusions of law to which no response is required; to the extent such a response is necessary, Defendant admits that nursing home facilities located in the State of Connecticut must comply with applicable law.

655.    Defendant denies each and every allegation contained in Paragraph 655 of the Complaint.

656.    Defendant denies each and every allegation contained in Paragraph 656 of the Complaint.

657.    Defendant denies each and every allegation contained in Paragraph 657 of the Complaint.

658.    Defendant denies each and every allegation contained in Paragraph 658 of the Complaint.

659.    Defendant denies each and every allegation contained in Paragraph 659 of the Complaint.

660.    Defendant denies each and every allegation contained in Paragraph 660 of the Complaint to the extent that it purports to assert conclusions of law to which no response is required.

661.    Defendant denies each and every allegation contained in Paragraph 661 of the Complaint to the extent that it purports to assert conclusions of law to which no response is required.

662.    Defendant denies each and every allegation contained in Paragraph 662 of the Complaint

663.    Defendant denies each and every allegation contained in Paragraph 663 of the Complaint to the extent that it purports to assert conclusions of law to which no response is required.

664.    Defendant denies each and every allegation contained in Paragraph 664 of the Complaint.

665.    Defendant denies each and every allegation contained in Paragraph 665 of the Complaint.

666.    Defendant denies each and every allegation contained in Paragraph 666 of the Complaint.

## X.     FIFTH CAUSE OF ACTION (Breach of the Covenant of Good Faith and Fair Dealing)

667-900. Defendant repeats and re-alleges its answers to Paragraph 432-666 as if fully contained in Paragraphs 667-900 of this Fifth Cause of Action.

901.     Defendant denies each and every allegation contained in Paragraph 901 of the Complaint.

902.     Defendant denies each and every allegation contained in Paragraph 902 of the Complaint to the extent that it purports to assert conclusions of law to which no response is required.

903.     Defendant denies each and every allegation contained in Paragraph 903 of the Complaint.

904.     Defendant denies each and every allegation contained in Paragraph 904 of the Complaint to the extent that it purports to assert conclusions of law to which no response is required.

905.     Defendant denies the allegation contained in Paragraph 905 of the Complaint except, admits that among her other duties, Plaintiff was expected to investigate allegations of patient abuse.

906.     Defendant denies each and every allegation contained in Paragraph 906 of the Complaint.

907.     Defendant denies each and every allegation contained in Paragraph 907 of the Complaint.

908.     Defendant denies each and every allegation contained in Paragraph 908 of the Complaint.

909.     Defendant denies each and every allegation contained in Paragraph 909 of the Complaint.

## X.    PRAYER FOR RELIEF

**1.    FIRST CAUSE OF ACTION**

a.-e.    Defendant opposes Plaintiff's prayer for relief.

**2.    SECOND CAUSE OF ACTION**

a.-e.    Defendant opposes Plaintiff's prayer for relief.

**3.    THIRD CAUSE OF ACTION**

a.-e.    Defendant opposes Plaintiff's prayer for relief.

**4.    FOURTH CAUSE OF ACTION**

a.-c.    Defendant opposes Plaintiff's prayer for relief.

**5.    FIFTH CAUSE OF ACTION**

a.-d.    Defendant opposes Plaintiff's prayer for relief.

## JURY DEMAND

Defendant opposes Plaintiff's request for trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory or punitive damages may be awarded.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages by not making reasonable efforts to obtain comparable employment.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured by Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's actions regarding Plaintiff were at all times based upon legitimate non-discriminatory business reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim of racial discrimination is barred and/or any recovery of damages is precluded because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim of racial discrimination is barred and/or any recovery of damages is precluded because the Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, and/or any recovery of damages is precluded because even if the employees engaged in the actions alleged in the Complaint, which they did not, such actions were outside the scope of their employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, and/or any recovery of damages is precluded because even if the employees engaged in the actions alleged in the Complaint, which they did not, such actions were contrary to Defendant's good faith effort to comply with Title VII and the other anti-discrimination statutes applicable to this case.

DEFENDANT,
MEDIPLEX MANAGEMENT, INC. d/b/a
MEDIPLEX OF STAMFORD (incorrectly named
herein as SUNBRIDGE HEALTHCARE CORP.)

By: Natasha C. Maynard
Natasha C. Maynard
CT 25369
Margaret Armstrong Weiner
CT 18084
JACKSON LEWIS LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email:  weinerm@jacksonlewis.com
           maynardn@jacksonlewis.com

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 13th day of April, 2004, to counsel of record listed below:

Thomas W. Bucci
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

Natasha C. Maynard